Filed 6/10/16  P. v. Madrigal CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ERIC ROBERT MADRIGAL,<br><br>      Defendant and Appellant. | A145538<br><br>(San Mateo County<br>Super. Ct. No. SC081722A) |

Defendant Eric Madrigal appeals from a judgment entered after a jury trial.  His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Madrigal was informed of his right to file a supplemental brief and did not do so.  We conclude there are no arguable issues and affirm.

In July 2014, Redwood City police officers responded to Madrigal's residence after receiving a report that Madrigal had threatened two other men with a gun.[1] Madrigal, whom the parties later stipulated had a prior felony conviction, admitted that he had a gun in his possession and led the officers to a locked room in which they discovered two firearms and some ammunition.

---

[1] Madrigal was charged with three counts based on his alleged confrontation with the other men, but the jury acquitted him of one and the trial court dismissed the others.  We therefore omit further details about that incident.

1

Madrigal was charged with two counts of possession of a firearm by a felon and one count of possession of ammunition by a felon.[2] The information also alleged that he had suffered prior felony convictions for robbery and receiving stolen property, that the robbery conviction was a strike, and that the prior convictions rendered him ineligible for probation.[3] The jury convicted him of these three counts.

The trial court found that Madrigal had suffered the prior convictions for robbery and receiving stolen property, determined that the robbery conviction was a strike, and denied his motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike the robbery-conviction allegation. The court then sentenced him to four years in prison, comprised of a 32-month term for the first firearm-possession count, a consecutive 16-month term for the second firearm-possession count, and a concurrent 4-year term for the ammunition-possession count. The court also imposed various fines and fees and awarded 220 days in presentence custody credits.

Our review of the record discloses that sufficient evidence supported the jury's determination that Madrigal was guilty of committing the firearm- and ammunition-possession offenses. He was competently represented by counsel throughout the trial, and there were no irregularities in the pretrial or trial proceedings. Nor do any errors appear in the determination that he suffered the prior convictions and that the one for robbery was a strike, the denial of his *Romero* motion, or any other aspect of sentencing.

In conclusion, there are no meritorious issues to be argued on appeal. The judgment is affirmed.

---

[2] These charges were brought under Penal Code sections 29800, subdivision (a)(1) (firearm possession) and 30305, subdivision (a) (ammunition possession). All further statutory references are to the Penal Code.

[3] The prior convictions were alleged to be for violations of sections 211 (robbery) and 496 (receiving stolen property). The robbery conviction was alleged to be a strike under section 1170.12, subdivision (c), and Madrigal was alleged to be ineligible for probation under section 1203, subdivision (e)(4).

_____

Humes, P.J.

We concur:

_____

Dondero, J.

_____

Banke, J.